# United States Court of Appeals for the Federal Circuit

2008-5188

AMERICAN CONTRACTORS INDEMNITY COMPANY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Jefferson B. Slagle</u>, Thompson, Slagle & Hannan, LLC, of Duluth, Georgia, argued for plaintiff-appellant.

<u>Sean M. Dunn</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee. With him on the brief were <u>Michael F. Hertz</u>, Acting Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Donald E. Kinner</u>, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Margaret M. Sweeney

# United States Court of Appeals for the Federal Circuit

2008-5188

AMERICAN CONTRACTORS INDEMNITY COMPANY,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-374,
Judge Margaret M. Sweeney.

_____

DECIDED: June 29, 2009

_____

Before NEWMAN, SCHALL, and DYK, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

American Contractors Indemnity Company ("ACIC") filed a complaint under the Tucker Act, 28 U.S.C. § 1491(a)(1), against the United States seeking damages for an alleged breach of contract by the Small Business Administration ("SBA"). On the government's motion, the Court of Federal Claims dismissed ACIC's complaint for failure to state a claim upon which relief could be granted. <u>Am. Contractors Indem. Co. v. United States</u>, 81 Fed. Cl. 682, 693 (2008). We reverse and remand.

The question here is whether the SBA is liable under a security bond guarantee agreement. In particular, the question is whether the SBA's obligation is voided because the plaintiff surety, ACIC, agreed to an amendment of the underlying bond, and the amendment has an effective date before the date of the SBA's approval of the amendment.

BACKGROUND

ACIC is a California company that acts as surety for the performance of construction contracts by issuing performance and payment bonds. In 2002, DiGiovanni Insulation and Refractory, Inc. ("DiGiovanni"), a construction company, applied to ACIC for performance and payment bonds to guarantee its completion of a construction project in New Orleans, Louisiana, for Steve Ho, owner of the Hoshun Chinese Cuisine restaurant.

Because DiGiovanni could not otherwise qualify for commercial surety bonds, it applied to participate in the SBA's bond guarantee program. As a general matter, the SBA will enter into bond guarantee agreements with sureties if the principal for whom the bond is sought is a "small business concern" that cannot otherwise obtain commercial bonds and the bond is for less than $5,000,000. See generally 15 U.S.C. § 694b. DiGiovanni qualified for the SBA program as a small business concern, and on September 27, 2002, ACIC and the SBA entered into a written Surety Bond Guarantee Agreement ("Guarantee Agreement"). Under the Guarantee Agreement, the SBA agreed to reimburse 80% of any loss by ACIC on SBA-approved bonds issued for the project, "subject to the regulations in 13 CFR [§] 115." One of the incorporated

provisions was 13 C.F.R. § 115.19(e), entitled "Denial of Liability[:] Alteration." That section provided that the SBA is not liable under a bond guarantee agreement if

> [w]ithout obtaining prior written approval from SBA . . . , the Surety <u>agrees to or acquiesces in any material alteration in the terms, conditions, or provisions of the bond</u>, including . . . acquiescing in any alteration to the bond which would increase the bond amount by at least 25% or $50,000.

13 C.F.R. § 115.19(e) (emphasis added).

On October 4, 2002, ACIC issued performance and payment bonds for DiGiovanni, each with a penal sum equal to the construction contract price of $1,781,850. DiGiovanni then commenced work. On March 24, 2003, DiGiovanni and the owner of the project agreed in a written "Change Order" to modify the work to be done, resulting in a contract price increase of $240,000. On May 19, 2004, ACIC submitted to the SBA a revised Guarantee Agreement in the amount of $2,021,850. The SBA approved the increased bond on June 2, 2004.

At some point, DiGiovanni and ACIC also agreed to a rider modifying the bonds with an effective date of March 24, 2003. While the effective date stated on the rider was before the SBA's approval, the date that DiGiovanni and ACIC reached agreement on the bond modification is disputed. The parties differ as to whether the agreement was reached before or after the SBA approved the increase.

In or around July 2004, ACIC received notice that DiGiovanni had defaulted on the project; claims were then made on the bonds by the project owner and DiGiovanni's suppliers and subcontractors. ACIC investigated and settled the claims, incurring a net loss of over half a million dollars. ACIC timely notified the SBA of the claims and submitted requests for payment pursuant to the Guarantee Agreement. After investigating ACIC's requests, however, the SBA refused to reimburse ACIC for its loss

on the bonds. In a final decision dated May 4, 2007, the SBA concluded that "ACIC acquiesced in the bond amount [increase] of $240,000.00 prior to obtaining the approval of SBA as required by 13 CFR § 115.19(e)" and that, as a result, the SBA would not "honor this claim or any other claim arising out of the DiGiovanni default."

On July 12, 2007, ACIC filed a complaint in the Court of Federal Claims seeking recovery under the Guarantee Agreement. In response, the government filed a "Motion to Dismiss" for failure to state a claim. Attached to the motion were two exhibits not attached to ACIC's complaint. The first exhibit was a document on ACIC letterhead entitled "Surety Rider" with a stated effective date of March 24, 2003. The Surety Rider stated that the DiGiovanni bond would be increased pursuant to the "changed order of $240,000.00" to $2,021,850. The document was signed by Macharl S. Zwart of the Martin Insurance Agency, as agent for ACIC. The second exhibit was a copy of the revised Guarantee Agreement, indicating that it was received by the SBA on May 19, 2004, and approved on June 2, 2004. Relying on the two documents, the government argued:

> ACIC offers no evidence that . . . prior written approval was received for the $240,000 change in the bond amount as of its effective date, March 24, 2003. . . . Thus, because . . . ACIC materially altered the bond through increasing it by $240,000 without SBA's prior approval, the SBA properly determined that it was not liable, and ACIC has not articulated a basis for its breach of contract claim.

Def. Mot. Dismiss 5, Am. Contractors Indem. Co., 81 Fed. Cl. at 682 (No. 07-CV-003). In response, ACIC argued that dismissal was inappropriate because the documents submitted by the government did not prove that ACIC had agreed to the increase before June 2, 2004, since "it is common in the surety industry" to retroactively date bond increases to match a contract change order. The Court of Federal Claims rejected

ACIC's argument and granted the motion to dismiss, holding that ACIC "failed to allege any facts suggesting that it submitted to the SBA a request for written approval before the bond was increased" or "any facts suggesting that the SBA provided written approval prior to the . . . increase." Am. Contractors Indem. Co., 81 Fed. Cl. at 693.

ACIC filed a motion for reconsideration, including as an exhibit a different copy of the Surety Rider it had located in its files. The copy submitted by ACIC included an attached power of attorney appointing Macharl S. Zwart as ACIC's agent for purposes of the DiGiovanni bond, bearing (among other dates) a date of May 25, 2004. ACIC contended, inter alia, that the power of attorney, dated long after March 24, 2003, indicated that it had not agreed to increase the bond amount before SBA approval. The Court of Federal Claims denied the motion. Am. Contractors Indem. Co. v. United States, 82 Fed. Cl. 774, 780 (2008).

ACIC timely appealed the judgment dismissing its complaint, and we have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

Whether a complaint fails to state a claim upon which relief can be granted is a question of law that we review de novo. Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009). To avoid dismissal for failure to state a claim, the claimant must plead sufficient facts that, if taken as true, are enough "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). On a motion to dismiss, the court generally may not consider materials outside the pleadings. See Court of Federal Claims Rule 12(d) ("If, on a motion under RCFC 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the

motion must be treated as one for summary judgment . . . ."); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1366 (3d ed. 2004).

Here ACIC's complaint alleged that "[a]ll conditions precedent to [the government's liability] have been met" and that "the SBA agreed in writing to an amendment of the Guarant[ee Agreement] to increase its guarantee . . . to $2,021,850.00." However, the government argued that two documents referenced in the complaint should be considered to be part of the complaint, and that those documents on their face defeat the claim. As a preliminary matter, ACIC argues the Court of Federal Claims erred in considering the documents on a motion to dismiss. Noting that there was no dispute as to the authenticity of the two exhibits, the trial court determined that consideration of the documents was permissible on a motion to dismiss because they were relied upon and referred to in the complaint and were integral to ACIC's claim. Am. Contractors Indem. Co., 81 Fed. Cl. at 687–88. We need not resolve whether the trial court properly considered these documents on the motion to dismiss because we conclude that even assuming that the two exhibits were properly considered, the court erred in granting the motion to dismiss.

On appeal, as before the Court of Federal Claims, the government's sole argument that ACIC failed to state a claim is that 13 C.F.R. § 115.19(e) bars liability because the Surety Rider's effective date—March 24, 2003—predates the date when the SBA approved the revised Guarantee Agreement—June 2, 2004.

The government's argument is premised on the incorrect notion that § 115.19(e) must be interpreted as providing that the effective date of a bond is necessarily the date when the parties to the bond "agree[d] to or acquiesce[d] in" a change. 13 C.F.R.

§ 115.19(e). Under the plain language of the regulation, the relevant date is the date the surety "agrees to or acquiesces in" a material change to a bond, not the effective date of that change. While the effective date of a rider altering a bond may be the same as the agreement or acquiescence date, it is not necessarily the same as the agreement or acquiescence date in every case. ACIC contends that the industry follows "the common practice of dating surety bonds to conform to the date of the bonded obligation," such that an agreement reached on a given date may result in retroactive issuance of a bond with a much earlier "effective" date. Pl.-Appellant's Br. 23. At oral argument, counsel for the government did not dispute this characterization of industry practice.

In addition, during the notice and comment process accompanying issuance of 13 C.F.R. § 115.19, the SBA acknowledged the industry practice of backdating bonds in the context of a different provision of § 115.19, namely § 115.19(f). See Surety Bond Guarantee, 61 Fed. Reg. 3266, 3269 (Jan. 31, 1996). Subsection (f), entitled "Timeliness," provides that the SBA is not liable under a bond guarantee agreement if "[t]he bond was Executed prior to the date of SBA's guarantee" or if the bond is executed or approved after "work under the Contract had begun." In the comments on this provision the SBA stated that "the current industry practice of back-dating the bond at the request of the obligee" would not invalidate the SBA guarantee under § 115.19(f) "as long as there is proper documentation of the actual date of execution of the bond and such execution date is no earlier than the date of SBA's guarantee." 61 Fed. Reg. at 3269. This comment appears to assume that such backdating would also not violate § 115.19(e). While the SBA conceivably could prohibit bond amendments with

retroactive effective dates by promulgating regulations to that effect, the current regulation contained in 13 C.F.R. § 115.19(e) on its face does not bar sureties from agreeing to an effective date before SBA approval. The mere existence of an earlier effective date thus does not establish a violation of 13 C.F.R. § 115.19(e).

It may be that, on a motion for summary judgment, filed after appropriate discovery, the government will be able to establish that ACIC agreed to alter the DiGiovanni bond before receiving SBA approval. However, no motion for summary judgment was before the Court of Federal Claims, and we express no opinion on whether such a motion would be successful. We hold only that the Court of Federal Claims erred in dismissing ACIC's complaint for failure to state a claim because the "effective" date of the bond is not necessarily the date of agreement or acquiescence within the meaning of 13 C.F.R. § 115.19(e). We note that ACIC argues that the governing date for purposes of § 115.19(e) (that is, the date of agreement or acquiescence) is the date that the bond first becomes enforceable and that the bond does not become enforceable until delivery and acceptance. We express no opinion on this issue which, we think, is best addressed by the Court of Federal Claims in the first instance.

The judgment is reversed, and the case is remanded for further proceedings.

<u>REVERSED</u> and <u>REMANDED</u>

COSTS

No costs.