NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAM INVESTMENTS, LLC,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5024

---

Appeal from the United States Court of Federal Claims in case no. 07-495C, Judge Susan G. Braden.

---

Decided: July 8, 2010

---

RUSSELL O. BRABHAM, of Shreveport, Louisiana, for plaintiff-appellant.

DAVID A. HIBEY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARK A. MELNICK, Assistant Director.

---

Before RADER, *Chief Judge*, LOURIE, and BRYSON, *Circuit Judges.*

PER CURIAM.

The United States Court of Federal Claims granted the United States' ("Government") motion for summary judgment on the grounds that 31 U.S.C. § 3727 and 41 U.S.C. § 15 (collectively, the "Anti-Assignment Acts") invalidated the assignment that HAM Investments, LLC ("HAM") alleged entitled it to payment, and the Government did not waive the requirements of the Anti-Assignment Acts. *HAM Invs., LLC v. United States*, 89 Fed. Cl. 537 (2009). Because no genuine issue of material fact bars the conclusion that the Government did not waive the requirements of the Anti-Assignment Acts, this court *affirms*.

## I.

This case arises from a dispute in connection with a contract awarded by the United States Army ("Army") to Fire Security Systems, Inc. ("FSS") on August 23, 1999 to upgrade sprinkler systems for certain buildings at Fort Campbell, Kentucky (the "Fort Campbell contract"). On September 5, 2003, FSS assigned to HAM a "certain sum of money amounting to $50,000.00 due to Fire Security Systems, Inc. and currently being retained by the Department of the Army . . . ." J.A. 124. On September 25, 2003, HAM informed the Contracting Officer for the Fort Campbell contract ("CO") of the assignment. On September 26, 2003, the Army faxed to HAM a copy of Federal Acquisition Regulation 32.8, entitled "Assignment of Claims," which sets forth the requirement that the assignment must be made to a "bank, trust company, or other financing institution, including any Federal lending agency." J.A. 132. On September 30, 2003, HAM sent a copy of the assignment to the CO. The Army told HAM

that there was a problem with the assignment because HAM was not a financing institution. On October 7, 2003, the Army faxed to HAM an example of an acceptable assignment. On October 28, 2003, the CO sent a letter to HAM, explaining that the Army could not honor the assignment because he was unable to confirm that HAM is a "financing institution" as required by the Anti-Assignment Acts. The CO further explained that investment companies are not financing institutions and neither the Caddo Parish Business Occupational Licensing Section nor the Caddo Parish Chamber of Commerce listed HAM as a financing institution.

On August 9, 2007, HAM filed a complaint in the Court of Federal Claims, alleging that the Government improperly rejected an assignment of contract proceeds when it failed to pay HAM the remaining proceeds from the Fort Campbell contract. The trial court granted the Government's motion for summary judgment that the assignment was invalid on October 1, 2009, and this appeal followed. This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## II.

This court reviews de novo a grant of summary judgment by the Court of Federal Claims. *Local Okla. Bank, N.A. v. United States*, 452 F.3d 1371, 1376 (Fed. Cir. 2006). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out

specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

### III.

The Anti-Assignment Acts invalidate assignments of government contracts unless specific conditions are met. *See Tuftco Corp. v. United States*, 614 F.2d 740, 744 (Ct. Cl. 1980). The Government may waive the requirements of the Anti-Assignment Acts if it is "aware of, assented to, and recognized the assignment[]." *See id.* at 745. The Government's actions must rise to the level of "clear assent" to the assignment to demonstrate waiver. *See, e.g.*, *D & H Distrib. Co. v. United States*, 102 F.3d 542, 546 (Fed. Cir. 1996) (finding clear assent where the contracting officer issued a modification of the contract, which expressly adopted the new payment arrangement); *Tuftco*, 614 F.2d at 746 (finding clear assent where the contracting officer wrote "Assignment acknowledged" with his signature and the date at the bottom of the letter notifying the Government of the assignment, and made a payment to the assignee). HAM does not argue on appeal that the assignment met the requirements of the Anti-Assignment Acts. Thus, this court need not address that issue further. Therefore, the only issue on appeal is whether the Government waived the requirements of the Anti-Assignment Acts.

HAM asserts, and the Government does not dispute, that the CO was aware of the assignment. The parties dispute whether the Government assented to and recognized the assignment. In this case, the Army consistently informed HAM that for a valid assignment, the assignee must be a financing institution. Specifically, in September 2003, the Army told HAM that a financing institution must receive and collect the assignment. Moreover, the Army faxed to HAM a copy of Federal Acquisition Regula-

tion 32.8 and an example of an acceptable assignment of claims that had been approved by the CO. In addition, the Army repeatedly informed HAM that its assignment did not meet the requirements of the Anti-Assignment Acts because HAM was not a financing institution.

HAM argues that the Government's knowledge of the assignment and its provision of guidance to HAM to perfect the assignment amounted to recognition and assent sufficient to present a genuine issue of material fact as to waiver. HAM asserts in its complaint that the Army told HAM that payment under the assignment "would cause no problems," but in order to expedite the payment, such payment should be made through a bank. HAM also asserts in its complaint that the CO attempted to stop payment to FSS, which HAM argues on appeal shows the Army's intention to pay HAM. Those unsupported assertions, however, cannot defeat the trial court's grant of summary judgment. *See Enzo*, 599 F.3d at 1337.

Even if this court were to rely on the assertions in HAM's complaint, they only show that the Army offered cooperation and support to HAM; it did not assent to and recognize the assignment. The record does not show that the Government was willing to accept the assignment despite the flaws it perceived. Without clear assent, the Government did not waive the requirements of the Anti-Assignment Acts.

## IV.

Because there is no genuine issue of material fact as to whether the Government waived the requirements of the Anti-Assignment Acts, this court affirms the trial court's grant of the Government's motion for summary judgment.

**AFFIRMED**