NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARLO E. JOHNSON,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5148

---

Appeal from the United States Court of Federal Claims in Case No. 10-CV-045, Senior Judge Lawrence S. Margolis.

---

Decided: December 13, 2010

---

CARLO E. JOHNSON, of Elkins Park, Pennsylvania, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney

General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

———————————

PER CURIAM.

Carlo E. Johnson appeals from the judgment of the United States Court of Federal Claims, which granted the government's motion to dismiss Johnson's complaint. *Johnson v. United States*, No. 1:10-cv-00045 (Fed. Cl. July 15, 2010). Because the Court of Federal Claims correctly dismissed Johnson's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted, we *affirm*.

BACKGROUND

On January 22, 2010, Johnson filed a *pro se* complaint at the Court of Federal Claims naming the United States as defendant. A7-16. The complaint alleged that Johnson received a five-to-ten-year sentence for criminal conspiracy to commit third-degree murder, which was vacated and withdrawn but later reinstated and affirmed by various state and federal courts. A8-9. Based on these facts, the complaint alleged that state and federal judges "continually and maliciously enforce a conviction against plaintiff which it [sic] does not have the legal right to enforce"; that Johnson has been "defrauded of intangible rights which are protected by the United States Constitution" in violation of 18 U.S.C. § 1346 (definition of "scheme or artifice to defraud"); and that the United States is liable under 28 U.S.C. § 2674 (tort liability of the United States). A7. The complaint, which sought $200 million in damages, asserted jurisdiction pursuant to 28 U.S.C. § 2072 (rulemaking authority of the Supreme Court). A8. The complaint alleged further grievances,

including violations of the Sixth Amendment and the Double Jeopardy Clause; malicious prosecution pursuant to 28 U.S.C. § 2674; fraud pursuant to 18 U.S.C. § 1018 (official certificates and writings); false imprisonment; criminal conspiracy to affirm unconstitutional convictions in violation of 18 U.S.C. § 241 (conspiracy against rights); and judicial bias. A10-16.

On March 19, 2010, the government filed a motion for summary dismissal of Johnson's *pro se* complaint under Rule 12(b)(1) and (6) of the Rules of the United States Court of Federal Claims ("RCFC"), asserting that the complaint failed to state a claim over which the Court of Federal Claims has jurisdiction. On May 24, 2010, Johnson filed a response to the government's motion for dismissal, in which he alleged that the Court of Federal Claims had jurisdiction over his complaint pursuant to 28 U.S.C. §§ 1495 and 2513. Johnson asked the court to accept his response "as a supplement to the original complaint filed." On June 8, 2010, the government filed a reply, again requesting dismissal of Johnson's complaint.

On July 14, 2010, the Court of Federal Claims issued an opinion and order dismissing Johnson's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted under RCFC 12(b)(6). The court held that, "[e]ven giving the deference due to Johnson's *pro se* status, his complaint fails to articulate a claim within this Court's power to decide." A5. The court further held that, even if it were to treat Johnson's response as an amendment to his complaint, such amendment would be futile, because Johnson failed to allege facts sufficient to meet the jurisdictional requirements of 28 U.S.C. §§ 1495 and 2513. *Id.* The court therefore denied Johnson's request to amend his com-

plaint and granted the government's motion to dismiss. The court entered final judgment on July 15, 2010. A6.

Johnson timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Whether the Court of Federal Claims correctly granted a motion to dismiss for lack of jurisdiction or for failure to state a claim upon which relief may be granted is a question of law that we review *de novo*. *See Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000); *see also Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). A motion to dismiss will be granted when the facts asserted by the plaintiff, viewed in the light most favorable to the plaintiff, do not entitle the plaintiff to a legal remedy. *Boyle*, 200 F.3d at 1372. To avoid dismissal, a plaintiff must plead facts sufficient "'to raise a right to relief above the speculative level.'" *Am. Contractors Indem. Co. v. United States*, 570 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In considering the dismissal of a *pro se* complaint, we hold the pleading "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

On appeal, Johnson appears to argue that the Court of Federal Claims erred by dismissing his complaint, because the court had jurisdiction pursuant to 28 U.S.C. §§ 1495 and 2513, as asserted in his response to the government's motion to dismiss.[1]

---

[1] In his Form 12 Informal Brief, Johnson indicated that the Court of Federal Claims did not fail to take into account any facts, did not apply the wrong law, and was

The government responds by arguing that the court correctly dismissed Johnson's complaint under RCFC 12(b)(6). The government further asserts that, even if Johnson were permitted to amend his complaint to claim jurisdiction pursuant to 28 U.S.C. §§ 1495 and 2513, Johnson does not and cannot allege facts sufficient for legal relief under these statutes.

We see no legal error in the decision of the Court of Federal Claims to dismiss Johnson's complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 1491, the Court of Federal Claims "is a court of specific civil jurisdiction . . . and requires a money mandating act to confirm jurisdiction." *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see also United States v. Testan*, 424 U.S. 392, 398 (1976). The court does not have jurisdiction over any criminal matters or any constitutional claims that do not provide for the payment of money damages. *Joshua*, 17 F.3d at 379. The court also lacks jurisdiction in cases sounding in tort, including cases alleging fraud against the United States. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Moreover, the court does not possess jurisdiction over an alleged statutory violation unless the "federal statute requires the payment of money damages as compensation for the violation." *Murray v. United States*, 817 F.2d 1580, 1582-83 (Fed. Cir. 1987).

Taking as true the facts alleged in Johnson's *pro se* complaint, the pleading fails to state a claim over which the Court of Federal Claims has jurisdiction. Johnson's complaint alleged jurisdiction under 28 U.S.C. § 2071(a),

---

not wrong for any other reason. We nevertheless consider the argument that the court improperly dismissed Johnson's *pro se* complaint for lack of jurisdiction. *Haines*, 404 U.S. at 520.

which is a general rule-making provision, not a jurisdictional statute. Moreover, as the court correctly determined, Johnson's complaint alleges violations of constitutional rights that lack money mandating provisions and violations of federal statutes sounding in either criminal or tort law. The Court of Federal Claims does not have jurisdiction over such claims.

In addition, the Court of Federal Claims did not err by denying Johnson's request to amend his complaint to allege jurisdiction under 28 U.S.C. §§ 1495 and 2513, statutes relating to unjust conviction and wrongful imprisonment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (indicating that "futility of amendment" can justify denial of leave to amend a complaint). The court has jurisdiction under § 1495 only if a plaintiff alleges facts sufficient to meet the requirements of § 2513. *See Zakiya v. United States*, 79 Fed. Cl. 231, 234 (2007) (dismissing a *pro se* complaint that did not allege facts that met the "jurisdictional prerequisite for a suit brought pursuant to 28 U.S.C. §§ 1495 and 2513"). The court correctly determined that Johnson did not and could not allege that his conviction was reversed or set aside on the grounds of innocence or pardon, as § 2513 requires. A5. Even when construed in Johnson's favor, the facts alleged do not suggest that Johnson's conviction was reversed or set aside on the ground that he is not guilty, that Johnson was found not guilty in a new trial, or that Johnson was pardoned upon the stated ground of innocence and unjust conviction. *See* 28 U.S.C. § 2513 (2006). Accordingly, the Court of Federal Claims correctly held that amendment of Johnson's complaint would not cure its jurisdictional deficiency.

CONCLUSION

The Court of Federal Claims correctly dismissed Johnson's complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. We therefore affirm.

**AFFIRMED**

COSTS

No costs.