NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CARLO E. JOHNSON,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-5126

---

Appeal from the United States Court of Federal Claims in Case No. 11-CV-199, Judge Nancy B. Firestone.

---

Decided: March 9, 2012

---

CARLO E. JOHNSON, of Elkins Park, Pennsylvania, pro se.

JEREMIAH M. LUONGO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director.

--------------------------------

Before RADER, *Chief Judge*, NEWMAN, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Carlo E. Johnson appeals from the judgment of the United States Court of Federal Claims, which dismissed Mr. Johnson's complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Johnson v. United States*, No. 1:11-cv-00199 (Fed. Cl. June 27, 2011). We affirm the dismissal.

## BACKGROUND

On December 2, 1994, while Mr. Johnson was enlisted in the United States Air Force, he was arrested by Pennsylvania authorities on various criminal charges, and was convicted of criminal conspiracy. The conviction was upheld on appeal to state and federal courts. Mr. Johnson was discharged from the Air Force.

On January 22, 2010, Mr. Johnson filed a *pro se* complaint against the United States, alleging various wrongs associated with his imprisonment by the state of Pennsylvania, and asserting jurisdiction in part under 28 U.S.C. §1495. The government sought dismissal of Mr. Johnson's *pro se* complaint under Rules 12(b)(1) and (6) of the Court of Federal Claims, and the Court of Federal Claims dismissed the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Federal Circuit affirmed. *Johnson v. United States*, 411 Fed. Appx. 303 (Fed. Cir. 2010). Mr. Johnson continued to file motions before the Court of Federal Claims, and on March 23, 2011 the Court of Federal Claims issued an Order instructing the Clerk not to accept any future sub-

missions related to that case from Mr. Johnson. On March 30, 2011, Mr. Johnson filed a new complaint in the Court of Federal Claims.

In the March 30, 2011 complaint, Mr. Johnson stated that he was arrested by the Philadelphia Police Department on a "fake warrant," that the Philadelphia District Attorneys filed a "fake complaint" against him, and that various forms of malfeasance were committed by various courts and officials in Pennsylvania. Mr. Johnson also alleged wrongdoing by a U.S. district court in Pennsylvania for having "affirmed a conviction which is not contained in the trial court record," wrongdoing by the U.S. Third Circuit Court of Appeals for having "affirmed a conviction which is not contained in the trial court record," and wrongdoing by the U.S. Justice Department for having "refused to investigate the criminal activity of the Pennsylvania Commonwealth."

However, the complaint contains no allegation of arrest by federal agents, no charge of violation of federal law, or any reference to any trial in any federal court. The Court of Federal Claims dismissed the complaint, in accordance with its Rules, for absence of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. The Court of Federal Claims explained:

> Under § 1495, this court has jurisdiction only over cases where the claimant was convicted of an "offense against the United States." 28 U.S.C. § 1495 (2006); *Robinson v. United States*, 230 F.3d 1382, 1382 (Fed. Cir. 2000) (holding that the Court of Federal Claims lacked subject matter jurisdiction over plaintiff's § 1495 claim because he was convicted in Indiana state court). Because Mr. Johnson was convicted in the Court of Common Pleas in Philadelphia for criminal conspiracy, his crime was

against the Commonwealth of Pennsylvania and not the United States. Although various federal courts may have affirmed his state court conviction, Mr. Johnson was never convicted or imprisoned for any federal crime.

*Johnson v. United States*, No. 1:11-cv-00199 at *6 (Fed. Cl. June 27, 2011). Mr. Johnson appeals, stating that the Court of Federal Claims has jurisdiction based on the argument that 28 U.S.C. §1495 is conditioned by 28 U.S.C. §2513(a)(2), and that his imprisonment by a state of the United States invokes language from §2513(a)(2).

## DISCUSSION

Dismissal for lack of jurisdiction or for failure to state a claim upon which relief may be granted receives plenary review. *See Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000). A motion to dismiss may be granted only when the facts asserted by the plaintiff, viewed in the light most favorable to the plaintiff, do not entitle the plaintiff to relief. *Boyle*, 200 F.3d at 1372. The plaintiff must plead facts sufficient "'to raise a right to relief above the speculative level.'" *Am. Contractors Indem. Co. v. United States*, 570 F.3d 1373, 1376 (Fed. Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In considering the dismissal of a *pro se* complaint, the pleading is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* plaintiff is not excused or exempt from meeting jurisdictional requirements. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Mr. Johnson starts with 28 U.S.C. §1495 as providing jurisdiction over his claim. The statute states:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned.

28 U.S.C. §2513 requires, in relevant part:

(a) Any person suing under section 1495 of this title must allege and prove that:

(1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and

(2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

Mr. Johnson states that the reference in §2513(a)(2) to "any state," means that the Court of Federal Claims has jurisdiction to compensate for wrongful conviction of state offenses. That is incorrect. Although §2513 requires a person invoking §1495 to demonstrate that his conduct was not an offense against the United States or any state, §1495

limits the Court of Federal Claims to damages if "unjustly convicted of an offense against the United States."

Mr. Johnson does not allege that he was convicted of an offense against the United States. The Court of Federal Claims correctly held that Mr. Johnson did not allege a cause of action within the jurisdiction of the Court of Federal Claims.

Finally, Mr. Johnson claims that the Court of Federal Claims improperly sealed his complaint. The court did not seal his complaint, but it did file, under seal, certain of the attachments to his complaint due to references to personal information (such as dates of birth and Social Security numbers) in those attachments. *See* Ct. Fed. Cl. R. 5.2. Contrary to Mr. Johnson's claim, moreover, the Court of Federal Claims did not rely on Mr. Johnson's prior lawsuit in dismissing his current complaint.

The dismissal is affirmed.

No costs.

**AFFIRMED**.