Ricky B. **LEGGITTE**, Plaintiff,

v.

**UNITED STATES** of America, Defendant.

No. 11–291 C.

United States Court of Federal Claims.

April 11, 2012.

Ricky B. Leggitte, pro se, plaintiff.

Tara K. Hogan, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION *and* ORDER

BLOCK, Judge.

Plaintiff, Ricky B. Leggitte, proceeding *pro se*, was employed as a social worker at the Department of Veteran Affairs's ("VA") Central Alabama Veterans Health Care System ("CAVHCS") from 1990 until 2005. While employed at CAVHCS, plaintiff was frequently on-call twenty-four hours per day, working what he describes as "odd tours of duty." Compl. at ¶ 2. After failing to obtain additional compensation directly from the VA, plaintiff filed this lawsuit on May 9, 2011. Along with his complaint, Leggitte has filed an application to proceed *in forma pauperis*.[1]

In his complaint, which is quite unclear, plaintiff raises only two claims that satisfy the requisite level of plausibility under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009). First, that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, by failing to compensate him with the same compensation received by other social workers, Compl. at ¶ 5; and second, that defendant violated the statutes and regulations governing the disbursement of premium pay, which in his view, requires defendant to pay plaintiff "on-call" and "AUO" pay for plaintiff's extraordinary services.

By way of explanation, "on-call" pay, and "Administratively Uncontrollable Overtime"

("AUO") are forms of "premium pay." *Id.* at ¶ 8. "On-call" earned its name because it is designed to compensate employees who are "officially scheduled to be on call outside such employee's regular hours or on a holiday designated by Federal Statute or Executive order." 38 U.S.C. § 7457(b)(3). "Administratively Uncontrollable Overtime," on the other hand, provides for compensation to employees whose positions require substantial amounts of irregular overtime work and whose hours cannot be controlled administratively. 5 U.S.C. § 5545(c)(2); 5 C.F.R. § 550.151. Typically, AUO is appropriate for positions such as criminal investigators, who are responsible for recognizing, without supervision, circumstances that require them to remain on duty. 5 C.F.R. § 550.153(a). Employees entitled to AUO are paid between 10 and 25 percent of their rate of basic pay as a premium, regardless of the number of hours worked in a pay period. *Id.* Plaintiff asserts that he should have received on call or AUO pay while employed at CAVHCS because his work there required him to be on call working administratively uncontrollable shifts. *See* Compl. at ¶¶ 2–5.

Before the court are defendant's motion to dismiss for lack of subject-matter jurisdiction and its motion for summary judgment. In its motion to dismiss, defendant contends that plaintiff's FLSA claims are barred by the FLSA's two- or three-year statute of limitations, 29 U.S.C. § 255(a). Def.'s Mot. at 5–7. In its motion for summary judgment, defendant contends that nothing in the statutes and regulations governing premium pay's disbursement requires the agency to compensate plaintiff with "on-call" or "AUO" pay. *Id.* at 10–13. Rather, defendant explains, it is entirely within the VA's discretion whether social workers like plaintiff shall be compensated with premium pay for being on-call.

Consequently, defendant argues, neither has the VA nor plaintiff's employing facility, CAVHCS, authorized the disbursement of premium pay to social workers. *Id.* Defendant has supported its interpretation of the statutes and regulations governing premium

---

1. The court has considered plaintiff's application to proceed *in forma pauperis* and finds it meritorious. Therefore, plaintiff's application will be granted.

pay's disbursement with the sworn declarations of human resource specialists at the VA and CAVHCS. Def.'s App. Tab A ("Davis Decl."); Def.'s App. Tab B ("Hunter Decl."). It has also provided the court with a copy of VA Handbook 5007, which was promulgated by the VA to explain their "procedures regarding pay administration." VA Handbook 5007 at Part I, Section 1, *available at* http://www1.va.gov/vapubs/; *see* Hunter Decl. at ¶ 5 (noting that VA Handbook 5007 is "[t]he primary agency policy manual dealing with pay administration.").

Plaintiff has filed a response and a surreply, which he fashioned as an amended response. Plaintiff has not provided the court with specific facts showing that he was authorized to receive premium pay.

### I. Defendant's Motion To Dismiss for Lack of Subject–Matter Jurisdiction

When ruling on a motion to dismiss for lack of subject-matter jurisdiction, the "court must accept as true the factual allegations in the complaint." *Engage Learning, Inc. v. Salazar,* 660 F.3d 1346, 1355 (Fed.Cir.2011) (citing *Hughes v. Rowe,* 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)). And although it is true that a *pro se* plaintiff's complaint is generally held to "less stringent standards than formal pleadings drafted by lawyers," *Johnson v. United States,* 411 Fed. Appx. 303, 305 (Fed.Cir.2010) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)), a *pro se* plaintiff must nevertheless "plead sufficient facts that, if taken as true, are enough 'to raise a right to relief above the speculative level.'" *Am. Contractors Indem. Co. v. United States,* 570 F.3d 1373, 1376 (Fed.Cir.2009) (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Plaintiff has the burden to establish the court's jurisdiction by a preponderance of the evidence. *Ins. Co. of the W. v. United States,* 100 Fed.Cl. 58, 62–63 (2011) (citations omitted); *see Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

■ The FLSA's statute of limitations bars plaintiff from asserting an FLSA claim more than two- or three-years after his claim accrued. 29 U.S.C. § 255(a). Here, plaintiff was employed by the VA from May 1990 until August 2005, and filed his complaint on May 9, 2011. Under the FLSA's two- or three-year statute of limitations, only claims that accrued after May 9, 2008 are timely. Since plaintiff's most recent claim accrued in August 2005, plaintiff's FLSA claims are barred.

### II. Defendant's Motion for Summary Judgment

■ As explained above, defendant's main contention in its motion for summary judgment is that plaintiff was not authorized to receive premium pay. Plaintiff has not provided the court with specific facts to contradict this. Instead, plaintiff has proffered only non-material and conclusory allegations.

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). A "material fact" is one that, under the substantive law governing the suit, may affect its outcome. *Marriott Intern. Resorts, L.P. v. United States,* 586 F.3d 962, 968 (Fed.Cir.2009) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Further, a "genuine" dispute is one that "may reasonably be resolved in favor of either party." *Marriott,* 586 F.3d at 968 (Fed.Cir.2009) (quoting *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505).

"In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56). Once the moving party properly makes and supports a motion for summary judgment, the burden shifts to the nonmoving party to point toward *"specific facts"* in the record that establish a genuine dispute of material fact. *Id.; Enzo Biochem, Inc. v. Applera Corp.,* 599 F.3d 1325, 1337 (Fed.Cir.2010). In doing so, the nonmoving party must offer

more than categorical denials or conclusory statements. *Ham Investments, LLC v. United States,* 388 Fed.Appx. 958, 960 (Fed. Cir.2010) (citing *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548); *see Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.,* 731 F.2d 831, 836 (Fed.Cir.1984). "Rule 56(e) ... requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56). If the nonmoving party successfully meets its burden, then the motion for summary judgment should be denied.

Here, defendant did far more than rely "solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. It provided depositions of its own, it pointed to the statutory and regulatory scheme governing premium pay, and it even provided the report and recommendation of plaintiff's earlier litigation in another court. These items are more than sufficient to shift the burden to plaintiff "to point to *specific facts* in *the record* that establish a genuine dispute of material fact." *Id.*

Plaintiff's responses, however, contain only nonmaterial and unsupported allegations. He cites frequently to the "record" and claims that he provided notarized declarations from employees stating that he worked in excess of his 40–hour work week. Pl.'s Resp. at 2. He asserts that other social workers, nurses, and psychologists received additional pay. *Id.* And he claims that individual VA facilities should not be allowed to make their own rules. Pl.'s Am. Resp. at 3. He has not, however, supported his assertions with declarations or material support of any kind.

In sum, plaintiff has failed to demonstrate the existence of a genuine issue of material fact because he has not gone "beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate[d] specific facts showing that there is a genuine issue for trial." *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quotations omitted). By failing to do so, he has not "plead facts sufficient 'to raise a right to relief above the speculative level.'" *Am. Contractors Indem. Co.,* 570 F.3d at 1376 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Plaintiff's claim for premium pay necessarily depends on him being authorized to receive it. 38 U.S.C. § 7457(a), (b)(1). By failing to rebut defendant's proffered declarations that he was not authorized to receive any kind of premium pay, plaintiff's claim for it fails as a matter of law.

### III. Conclusion

A plaintiff, even one proceeding *pro se,* is obligated make his own case. Rather than supporting his case with material facts, plaintiff has elected to rely on his unsupported allegations. By depending exclusively on a barren record, plaintiff has, by definition, failed to "plead facts sufficient 'to raise a right to relief above the speculative level.'" *Am. Contractors Indem. Co.,* 570 F.3d at 1376 (quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).

For the aforementioned reasons, defendant's motion to dismiss, ECF No. 10, is **GRANTED** and defendant's motion for summary judgment, ECF No. 10, is also **GRANTED.** Notwithstanding the court's disposition of this matter, plaintiff's application to proceed *in forma pauperis,* ECF No. 3, is **GRANTED.** The Clerk is hereby ordered to take the necessary steps to dismiss this matter.

**IT IS SO ORDERED.**