**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANNY LEE CAESAR, | No. 16-16505 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00201-LJO-BAM |
| v. | |
| UNITED STATES ARMY; BOARD OF THE CORRECTION OF MILITARY RECORDS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief Judge, Presiding

Submitted March 8, 2017[**]

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Danny Lee Caesar appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from his military

service. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Caesar's federal claims because members of the armed forces may not file suit against the government for injuries incurred during service. *See Hodge v. Dalton*, 107 F.3d 705, 710 (9th Cir. 1997) (*Feres* doctrine bars members of the armed forces from bringing "an action against the Government or armed services personnel for injuries during activity under the control or supervision of a commanding officer." (internal citation omitted)).

The district court properly dismissed Caesar's breach of contract claim because money damages are not an available remedy for the government's breach of an enlistment contract. *See Jablon v. United States*, 657 F.2d 1064, 1066 (9th Cir. 1981).

**AFFIRMED.**