NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DANNY CAESAR,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1632

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00721-LKG, Judge Lydia Kay Griggsby.

---

Decided: July 11, 2019

---

DANNY CAESAR, Lancaster, CA, pro se.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

Danny Caesar appeals the decision of the United States Court of Federal Claims dismissing his military back pay claim for failure to state a claim upon which relief can be granted and lack of subject-matter jurisdiction. *Caesar v. United States*, No. 18-721C, 2018 WL 5730181 (Fed. Cl. Nov. 2, 2018). We affirm.

I

In his Court of Federal Claims complaint, Mr. Caesar alleged that he suffered a frostbite injury while enlisted in the United States Army, as a result of which he has been unable to sustain employment. *Caesar*, 2018 WL 5730181, at *1. Mr. Caesar further alleged that by failing to properly treat or compensate him for his frostbite, the Army breached his enlistment contract and violated his constitutional rights to due process and equal protection, entitling him to $30 million in damages. *Id.* He also sought back pay stemming from an allegedly wrongful decision of the Army Board for the Correction of Military Records (the "ABCMR"), which denied his request to modify his military record to establish a disability retirement. *Id.* at *2, *7.[1] Additionally, Mr. Caesar brought tort claims related to his pain and suffering, job loss, and incarceration. *Id.* at *6–7.

Mr. Caesar previously brought his contract and constitutional claims in the United States District Court for the Eastern District of California. *Caesar v. United States Army*, No. 1:16-cv-00201, 2016 WL 8997392, at *1 (E.D. Cal. July 27, 2016). That court held that Mr. Caesar failed to state a cognizable claim because the Supreme Court's

---

[1]    This claim was not present in Mr. Caesar's complaint. It was first raised in opposition to a motion to dismiss before the Court of Federal Claims, which exercised its discretion to hear the untimely claim in light of Mr. Caesar's pro se status. *Caesar*, 2018 WL 5730181, at *7.

decision in *Feres v. United States*, 340 U.S. 135 (1950), and its progeny bars any tort or constitutional claims against the military arising out of or incident to military service. *Id.* at *1. It also dismissed Mr. Caesar's contract claim, as monetary damages are not an available remedy for breach of a military enlistment contract absent authorization by Congress. *Id.* at *2. The United States Court of Appeals for the Ninth Circuit affirmed both holdings. *Caesar v. United States Army*, 683 F. App'x 635, 635 (9th Cir. 2017) (nonprecedential).

In this action, the Court of Federal Claims held that claim preclusion barred Mr. Caesar from re-raising his constitutional or contractual claims, which were adjudicated on the merits in the Eastern District of California. *See Caesar*, 2018 WL 5730181, at *5. It further held that it lacked jurisdiction to hear Mr. Caesar's tort claims under 35 U.S.C. § 1491(a), which grants the Court of Federal Claims limited jurisdiction that does not extend to claims "sounding in tort." *Id.* at *7. With respect to back pay, the court found that neither Mr. Caesar's complaint nor his opposition to the government's motion to dismiss alleged any facts to support the failure of the ABCMR to correct his military records, which would be necessary for a plausible back pay claim. *Id.* at *7. In the alternative, it held that Mr. Caesar had failed to establish subject-matter jurisdiction over his back pay claim. *Id.*

Mr. Caesar filed a motion for reconsideration only with respect to his ABCMR back pay claim, arguing that *Burkins v. United States*, 112 F.3d 444 (10th Cir. 1997), provides the Court of Federal Claims with jurisdiction and providing new documents in support of that claim. Appellant's Br., App. 3, 4.[2] The court denied the motion, distinguishing *Burkins* and reiterating that Mr. Caesar had not

---

[2] Citations to "App." refer to the three numbered appendices included with Appellant's opening brief.

provided any allegations sufficient to support his back pay claim. *Id.* at 4–5. Mr. Caesar appealed to this court.

## II

On appeal, Mr. Caesar does not challenge the dismissal of his breach of contract, constitutional, or tort claims. He addresses only his back pay claim, and asks us to "establish jurisdiction, as a matter of law, only in [his] claim against the ABCMR, and then allow [him] to present his claim against the ABCMR to the U.S. Court of Federal Claims, in accordance with *Burkins v. U.S.*" Appellant's Br. 2. Mr. Caesar does not address the dismissal of his back pay claim for failure to state a claim.

"This court reviews *de novo* whether the Court of Federal Claims possessed jurisdiction and whether the Court of Federal Claims properly dismissed for failure to state a claim upon which relief can be granted, as both are questions of law." *Wheeler v. United States*, 11 F.3d 156, 158 (Fed. Cir. 1993).

The Court of Federal Claims correctly held that Mr. Caesar failed to state a cognizable claim upon which relief could be granted. To survive a motion to dismiss, a plaintiff's complaint must include "sufficient facts that, if taken as true, are enough 'to raise a right to relief above the speculative level.'" *Am. Contractors Indem. Co. v. U.S.*, 570 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court of Federal Claims found that Mr. Caesar's complaint "does not contain any allegations about plaintiff's alleged case before the ABCMR seeking the correction of his military records." *Caesar*, 2018 WL 5730181, at *7. His opposition to the government's motion to dismiss stated only that his claim was based upon "the decision handed down by the Army Board for the Correction of Military Records" and exceeded

$10,000.00. *Id.* In the absence of factual allegations to support Mr. Caesar's claim, dismissal was appropriate.[3]

In his motion for reconsideration, Mr. Caesar acknowledged that he incorrectly assumed "that the Complaint was a formality" and that he "would eventually get to include the details [of his claim]." Appellant's Br., App. 2, 1–2. Consistent with that argument, he provided documentation of his ABCMR review along with his motion. Appellant's Br., App. 2, Exs. 1–4. The Court of Federal Claims correctly rejected this new evidence. To prevail on reconsideration, a movant must show "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews v. U.S.*, 73 Fed. Cl. 524, 526 (2006). Mr. Caesar's motion did not identify an intervening change in law, did not show that his new evidence was previously unavailable, and did not claim or demonstrate manifest injustice. Therefore, denial of his motion for reconsideration was appropriate.

In his Memorandum in Lieu of Oral Argument, Mr. Caesar directs us to a new decision, issued during the pendency of this appeal, in which the Board of Veterans' Appeals ("BVA") found that his acquired psychiatric disorder is associated with his frostbite injury and connected to his military service. That does not affect our holding in this case, which is based solely on the lack of factual allegations pled by Mr. Caesar to support his back pay claim. However, nothing in this opinion prevents Mr. Caesar from

---

[3] We do not address whether Mr. Caesar would have made out a cognizable claim if his complaint had established the details of his prior ABCMR proceeding and alleged how the ABCMR erred and how it entitled him to monetary damages.

continuing to pursue all relief to which he is entitled as a result of the BVA's findings.

For the reasons set forth above, we affirm both the dismissal of Mr. Caesar's back pay claim for failure to state a claim and the denial of his motion for reconsideration. Because we affirm on this ground, we do not reach the court's alternative holding that it lacked subject-matter jurisdiction over the claim.

## AFFIRMED

### COSTS

The parties shall bear their own costs.