SCHALL, Circuit Judge.
Diahann D. Cambridge filed suit in the United States Court of Federal Claims seeking to recover from the government an amount she alleged was owed to her as a reward because she had acted as an informant by providing information to the Internal Revenue Service (“IRS”) concerning violations of the tax laws by a named individual. Ms. Cambridge now appeals the final decision of the Court of Federal Claims granting the government’s motion to dismiss her complaint pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims (“RCFC”) for failure to state a claim upon which relief could be granted. Cambridge v. United States, No. 07-142T, 2007 WL 1888888 (Fed.Cl. May 29, 2007). We affirm.
*1333 BACKGROUND
I.
Pursuant to 26 U.S.C § 762B (2006), the Secretary of the Treasury, “under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for ... detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws.” The implementing regulation states that a “district or service center director may approve a reward, in a suitable amount, for information that leads to the detection of underpayments of tax” and that “[t]he amount of a reward will represent what the district or service center director deems to be adequate compensation in the particular case.” 26 C.F.R. § 301.7623-1(a), (c) (2008). We have stated that “[t]hese authorities give the IRS broad discretion to decide whether to make an award or how much to grant.” Merrick v. United States, 846 F.2d 725, 726 (Fed.Cir.1988). We also have stated that the statute and its implementing regulation “alone do not contractually bind the government.” Krug v. United States, 168 F.3d 1307, 1308 (Fed.Cir.1999). As we pointed out in Merrick, “[t]he United States cannot be contractually bound merely by invoking the cited statute and regulation.” 846 F.2d at 726. Rather, “[a]n enforceable contract will arise under these authorities only after the informant and the government negotiate and fix a specific amount as the reward.” Id.
II.
In her complaint, Ms. Cambridge alleged that in September of 1989, she divulged information to the IRS that eventually led to the detection of a tax violation committed by her former husband, Mr. David E. Pierce, in his capacity as the owner of Harold’s Chicken Shacks. Compl. ¶¶ 2-4; Form 211 Application for Reward for Original Information (attached to complaint). In January of 1991, Ms. Cambridge, under the name Diana D. Pierce, filed a Form 211 with the IRS, seeking a reward in return for furnishing this information. Form 211 Application for Reward for Original Information (attached to complaint). The IRS allowed Ms. Cambridge’s claim for a reward, paying her the sum of $1,131 in February of 1997, and the sum of $3,429 in February of 1998. With each of these payments, the IRS informed Ms. Cambridge of “a possibility” that she might receive an additional reward. Letter from Lawrence T. West of the IRS to Diahann D. Cambridge; Letter from Nancy B. Jones of the IRS to Dia-hann D. Cambridge (attached to complaint). In January of 2007, however, the IRS notified Ms. Cambridge that, after careful review, her claim for reward had been finalized, and as a result, she would not receive any further payments. Letter from IRS to Diahann D. Cambridge, January 8, 2007 (attached to complaint). In response to this notice, Ms. Cambridge filed a complaint in March of 2007 in the Court of Federal Claims, seeking payment of the “balance due” on her claim for reward. Although she did not specify the exact amount sought, she did enclose a copy of IRS Publication 733, which describes the calculation of the amount and payment of rewards for information provided by individuals to the IRS.[1]
In its Rule 12(b)(6) motion, the government argued that, under the statutory and *1334 regulatory authority afforded the IRS, any determination of the amount and payment of a reward to Ms. Cambridge was entirely discretionary and unrestricted by the formulas set forth in IRS Publication 733. Consequently, the government maintained Ms. Cambridge had no enforceable statutory or regulatory right to recover a reward. The government acknowledged that an enforceable contract may arise where the informant and the IRS have affirmatively negotiated and fixed the specific amount of a reward. However, pointing out that Ms. Cambridge had not alleged that the IRS had agreed to pay her an amount calculated under IRS Publication 733, or any other specific amount, in excess of those distributions she had received, the government argued that she had failed to state a claim to a reward in excess of the total amount she had already been paid.
Ms. Cambridge filed a one-page response, in which she referred to two letters she had received from the IRS on July 19, 2005, and June 14, 2006, both informing her that the agency could not divulge personal information about Mr. Pierce’s tax account, and that “any remaining award” would not be forthcoming “until everything is completed and all amounts paid” in connection with the investigation, and that until then, there was “no balance owed to you.”
Addressing the government’s motion, the Court of Federal Claims noted our holding in Merrick that 26 U.S.C. § 7623 and 26 C.F.R. § 301.7623-1 allow recovery on a contract theory only. Cambridge, 2007 WL 1888888, at *2. The court stated: “To qualify ... the complaint must allege that the parties reached an agreement as to payment of a reward and its specific amount. Plaintiff cannot contractually bind the United States merely by invoking the aforesaid statute and regulations.” Id. (citations omitted). Turning to Ms. Cambridge’s claim, the court determined that the government became “contractually obligated” when it agreed that Ms. Cambridge was eligible to receive payment in connection with a successful prosecution of tax law violations. Id. Continuing, however, the court stated that “this obligation was limited to the two reward amounts it calculated and about which defendant notified plaintiff.” Id. The court noted Ms. Cambridge’s argument that the IRS owed her an additional award because it collected several sums from Mr. Pierce based upon the information she provided. It also noted her reliance on the July 19, 2005 and the June 14, 2006 letters from the IRS. The court observed, however, that her arguments notwithstanding, Ms. Cambridge still had not specified “any agreement with the IRS or any balance owed.” Id. Because the court found that, as far as her claim for an additional award payment was concerned, Ms. Cambridge had failed to point to an agreement with the IRS, it determined that Ms. Cambridge had failed to state a valid claim for relief. It therefore granted the government’s motion to dismiss pursuant to RCFC 12(b)(6).
DISCUSSION
I.
We have jurisdiction over Ms. Cambridge’s appeal pursuant to 28 U.S.C. *1335 § 1295(a)(3). Whether the Court of Federal Claims properly dismissed Ms. Cambridge’s complaint for failure to state a claim upon which relief could be granted is an issue of law which we review de novo. Dehne v. United States, 970 F.2d 890, 892 (Fed.Cir.1992).
In ruling on a 12(b)(6) motion to dismiss, the court must accept as true the complaint’s undisputed factual allegations and should construe them in a light most favorable to the plaintiff. Papasan v. Allain, 478 U.S. 265, 283, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed.Cir.1991). However, a plaintiff must plead factual allegations that support a facially “plausible” claim to relief in order to avoid dismissal for failure to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).
On appeal, Ms. Cambridge contends that the Court of Federal Claims erred in dismissing her complaint. She argues that she is owed an additional award beyond the payments of $1,131.40 and $3,429.14, which she received. According to Ms. Cambridge, she is entitled to an additional award because the information she provided resulted in the IRS eventually recovering taxes due over and above the taxes upon which the rewards she received were based. Relying upon the formula in IRS Publication 733, Ms. Cambridge contends that she is entitled to an additional award payment in the amount of $6,906.55. The government responds that we should affirm the decision of the Court of Federal Claims. It argues that, insofar as any award beyond what she already has received is concerned, Ms. Cambridge failed in the Court of Federal Claims to point to circumstances giving rise to a contract enforceable against the IRS. See Merrick, 846 F.2d at 726 (“An enforceable contract will arise under [26 U.S.C. § 7623 and 26 C.F.R. § 301.7623-1(a) ] only after the informant and the government negotiate and fix a specific amount as the reward.”).
II.
We see no error in the decision of the Court of Federal Claims. As discussed, in order to assert a valid claim under 26 U.S.C. § 7623 and 26 C.F.R. § 301.7623-1(a), Ms. Cambridge had to allege facts “plausibly” showing, Twombly, 127 S.Ct. at 1974, that the IRS had “negotiate[d] and fix[ed] a specific amount as the reward.” See Merrick, 846 F.2d at 726. In this case, as far as her claim for an additional reward was concerned, Ms. Cambridge plainly failed to allege facts plausibly showing the government had “negotiate^] and fix[ed] a specific amount as the reward.” Ms. Cambridge simply alleged that, based upon information she had provided, the IRS had recovered additional taxes from Mr. Pierce. That is not enough, however, because even if correct, the allegation does not suggest the IRS agreed to a fixed additional award. Rather, each time the IRS made a payment to Ms. Cambridge, it informed her only that there was “a possibility” that she might receive an additional award. Ms. Cambridge points to this language to support her contention she was entitled to additional money. However, this statement clearly does not fix a reward amount. Finally, as seen above, neither the IRS’s July 19, 2005 letter nor its June 14, 2006 letter — to which Ms. Cambridge pointed in the Court of Federal Claims — support the existence of the required agreement on the part of the government.
Ms. Cambridge’s case thus differs from Merrick. In 1982, Mr. Merrick pro *1336 vided the IRS with information about an illegal tax shelter, leading to an IRS recovery of over $10 million. Merrick, 846 F.2d at 725. Thereafter, Mr. Merrick communicated with the Acting District Director for the Los Angeles office of the IRS, and was informed “he would receive a reward,” and that the amount of this reward would be determined based on Publication 788. Id. Later, Mr. Merrick received an award from the IRS in an amount less than he was entitled to under Publication 733. Based on the IRS representations and the subsequent partial award to Mr. Merrick, we held Mr. Merrick alleged “facts sufficient to state that the IRS fixed the amount of the award.” Id. at 726. As seen, Ms. Cambridge points to no such agreement with the IRS. Although she was provided a copy of Publication 733 by the IRS, this was sent before she filed her reward application, and before the IRS determination of whether she was entitled to a reward, and, if she were entitled, what sum she should receive. Significantly, in Krug, we stated that Publication 733 does not in itself create a contract. Rather, “in Publication 733 ... the Government invites offers for a reward; the informant makes an offer by his conduct; and the Government accepts the offer by agreeing to pay a specific sum.” Krug, 168 F.3d at 1309. In Krug, we affirmed the Court of Federal Claims’s grant of summary judgment in favor of the government because, in his claim, Mr. Krug relied solely upon the language of Publication 733. He did not point to an agreement with the IRS.[2] Ms. Cambridge likewise has not alleged such an agreement. By contrast, in Merrick, Mr. Merrick alleged the government communicated he was entitled to the full reward under Publication 733, but then failed to pay him that sum. The facts of this case are thus distinguishable from Merrick, and most closely parallel the situation in Krug. The Court of Federal Claims correctly held that Ms. Cambridge failed to allege facts sufficient to entitle her to relief.
CONCLUSION
For the foregoing reasons, the final decision of the Court of Federal Claims dismissing Ms. Cambridge’s complaint pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief could be granted is affirmed.

AFFIRMED

. IRS Publication 733 provides, in relevant part:
The District Director will determine whether a reward will be paid and its amount.... The *1334 amount of reward will be determined as follows:
1. For specific and responsible information that caused the investigation and resulted in recovery, the reward will be 10 percent of the first $75,000 recovered, 5 percent of the next $25,000, and 1 percent of any additional recovery. The total reward will not be more than $100,000.

. Although we recognize that Krug involved a summary judgment motion, this court has made clear that an enforceable contract “arise[s] when the parties fix the reward amount." Merrick, 846 F.2d at 726. Here, there was no allegation the parties did so. The government paid Ms. Cambridge and told her there was a “possibility” she would receive more money — there was no agreement for a fixed amount.