# United States Court of Appeals
# for the Federal Circuit

---

**MARIO BOERI,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5102

---

Appeal from the United States Court of Federal Claims in No. 11-CV-590, Judge Nancy B. Firestone.

---

Decided: July 31, 2013

---

MARIO BOERI, of Columbia, South Carolina, pro se.

JANET A. BRADLEY, Attorney, Appellate Section, Tax Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were KATHRYN KENEALLY, Assistant Attorney General, and MICHAEL J. HAUNGS, Attorney.

---

Before NEWMAN, CLEVENGER, and MOORE, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* CLEVENGER.

Dissenting opinion filed by *Circuit Judge* NEWMAN.

CLEVENGER, *Circuit Judge*.

Mario Boeri appeals the judgment of the United States Court of Federal Claims ("Claims Court"), dismissing his complaint for a refund of taxes that were withheld by his employer. *Boeri v. United States*, No. 11–590T, 2012 WL 643901 (Fed. Cl. Feb. 23, 2012). We affirm.

I

Mr. Boeri is a citizen of Italy, and has never lived or worked in the United States. He was employed by the Verizon Corporation and its predecessor GTE, in Italy for 11 years, Brazil for 5 years, Argentina for 5 years, and the Dominican Republic for 15 years.

In November 2003 Mr. Boeri chose to participate in Verizon's Management Voluntary Separation Plan, and in accordance with the Plan, he was awarded a gross separation payment of $247,177 in 2004. Over two distributions in March and August 2004, Verizon withheld a total of $70,559, including United States income tax withholding, Social Security tax, and Medicare tax, even though Mr. Boeri had no apparent U.S. tax liability because he never lived or worked in the United States.

On March 10, 2009 Mr. Boeri filed a nonresident alien income tax return for the 2004 tax year, seeking a refund from the Internal Revenue Service ("IRS") of all the taxes withheld by Verizon. The IRS denied Mr. Boeri's request for a refund on the grounds that it should have been requested within three years of April 15, 2005. *See* Letter from IRS to Mario Boeri (Sept. 14, 2009) ("You filed your original tax return more than 3 years after the due date. Your tax return showed an overpayment. To claim that overpayment as a credit or to obtain a refund, you have to file your tax return within 3 years from its due date."). The IRS Appeals Office on July 20, 2011 denied Mr. Boeri's administrative appeal.

Mr. Boeri then appealed to the Claims Court, stating that the three-year period does not apply, for he is not seeking a refund of a tax overpayment, but correction of an erroneous withholding. He argued that he did not file a United States income tax return for the 2004 tax year until 2009, and that these circumstances are not within the scope of the three-year look-back provision of 26 U.S.C. § 6511(b)(2)(A).

The Claims Court held that Mr. Boeri cannot recover the withheld funds because his request was not made within the three-year period of § 6511(b)(2)(A) ("Limit on amount of credit or refund"). The Supreme Court calls this three-year provision a "look-back," *Commissioner of Internal Revenue v. Lundy*, 516 U.S. 235, 240 (1996), explaining that it is not a "statutory time . . . limitation[]" but rather a "substantive limitation[] on the amount of recovery." *United States v. Brockamp*, 519 U.S. 347, 348, 352 (1997). The Claims Court recognized that the look-back provision is not "jurisdictional in nature" and did "not preclude the court from hearing [Mr. Boeri's] claim." *Boeri*, 2012 WL 643901, at *3 (citing *Murdock v. United States*, 103 Fed. Cl. 389 (Fed. Cl. 2012)).

The Claims Court then dismissed Mr. Boeri's suit for failure to state a claim upon which relief could be granted. The court stated that "Sections 6513(b)(1) and (c)(2) specify when advance payments of income tax and social security and Medicare taxes are deemed paid," and that "[u]nder these provisions, the advanced payments paid by Verizon in 2004 for which [Mr. Boeri] seeks a refund are deemed paid on April 15, 2005." *Boeri*, 2012 WL 643901, at *4. Because Mr. Boeri did not seek a refund within three years of the "deemed paid" date calculated pursuant to § 6513(b)(1), the court held that § 6511(b)(2)(A) barred his claim for relief.

## II

We exercise plenary review of a dismissal for failure to state a claim for relief. *Cambridge v. United States*, 558 F.3d 1331, 1334-35 (Fed. Cir. 2009).

We see no reversible error in the Claims Court's analysis. Sections 6511(a) and 6511(b)(1) require that a taxpayer bring a refund claim within three years of filing a return, regardless of the return's actual due date. When Mr. Boeri filed his 2004 return on March 10, 2009, he accomplished this step; his return was also his refund claim.[1] However, the "look-back" provisions of § 6511(b)(2) limit the refund available to the plaintiff to taxes paid within the applicable look-back period. Here, the applicable period is the 3-year period immediately preceding the filing of the March 2009 refund claim. *See* § 6511(b)(2)(A); *VanCannangan v. United States*, 231 F.3d 1349, 1351 (Fed. Cir. 2000).

To determine when Mr. Boeri's 2004 withholdings were "deemed paid"—and thus to establish whether they are within the 3-year period—we turn to § 6513 ("Time return deemed filed and tax considered paid"). Sections 6513(b)(1) and (c)(2) specify when advance payments of income tax, and social security and Medicare taxes are deemed paid. Under § 6513(b)(1), "[a]ny tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on [April 15th] following the close of his taxable year . . . ."

---

[1]    The correct way to achieve a refund of money to which the IRS is not entitled is to file a return showing overpayment and a like refund amount. The IRS had no way to know that Mr. Boeri's compensation was earned outside the United States.

The taxes in dispute here were withheld by Verizon in March and August 2004. The Claims Court assumed, without challenge from Mr. Boeri, that Verizon had effected its withholding under chapter 24. Thus, Mr. Boeri's taxes were deemed paid on April 15th, 2005, eleven months prior to the start of the look-back period on March 10, 2006. The Claims Court dismissed Mr. Boeri's complaint for failure to state a claim for relief, because there were no taxes paid within his 3-year look-back period.

There is however some question as to whether Mr. Boeri's taxes were withheld under chapter 24 of the Internal Revenue Code ("Collection of Income Tax at Source on Wages"), or if they were withheld under chapter 3 of the code ("Withholding of Tax on Nonresident Aliens and Foreign Corporations").[2] If Mr. Boeri's taxes were withheld under chapter 3, then § 6513(b)(1) would be inapplicable.

Although the IRS appears to have assumed from the beginning that Mr. Boeri's taxes were withheld under chapter 24, *see* Sept. 14, 2009 Letter to Mr. Boeri (stating taxes were deemed paid on April 15, 2005), the government indicated below that Mr. Boeri's taxes may have been withheld under chapter 3. *See* Government's Reply Brief in Support of its Motion to Dismiss at 3, n.1 ("It *appears* that Verizon withheld tax on the distributions (paid from within the United States) to plaintiff, a nonresident alien, pursuant to § 1441 [of chapter 3].") (emphasis added). The government recognized, however, that "the legal basis for Verizon's withholding is irrelevant to the disposition of the . . . issues here." *Id.*

---

[2]    Mr. Boeri does not argue for relief on the ground that his taxes were withheld under chapter 3, not chapter 24. We address this question to be sure that withholding under chapter 3 cannot afford Mr. Boeri relief.

The government is correct. While § 6513(b)(1) is limited to taxes withheld under chapter 24, § 6513(b)(3) applies to taxes withheld under chapter 3. Subsection (b)(3) deems taxes as paid on "the last day prescribed for filing the return under section 6012 for the taxable year . . . ." Section 6012 dictates "[p]ersons required to make returns of income." Under the applicable regulations, Mr. Boeri was indeed required to file a 2004 tax return in order to claim a refund. *See* 26 C.F.R. § 1.6012-1(b)(2)(i) (stating that the regulation excepting a nonresident alien not engaged in trade or business with United States from filing a return does not apply "to a nonresident alien making a claim . . . for the refund of an overpayment of tax for the taxable year").

The deadline for filing such a return is found in § 6072 ("Time for filing income tax returns"). The subsection applicable to Mr. Boeri, a nonresident alien, establishes a timely filing deadline of June 15th of the following calendar year. § 6072(c) ("Returns made by nonresident alien individuals (other than those whose wages are subject to withholding under chapter 24) . . . under section 6012 on the basis of a calendar year shall be filed on or before the 15th day of June following the close of the calendar year . . . ."). Applying the June 15th deadline to Mr. Boeri's case, his taxes were deemed paid on June 15th, 2005. § 6513(b)(3). This still places the withheld taxes outside the 3-year look-back period, although now only by nine months.

## III

Mr. Boeri's claim for a refund fails because his taxes were deemed paid more than three years prior to the filing of his refund request. § 6511(b)(2)(A). It makes no difference whether his taxes were withheld under chapter 3 or chapter 24 to the outcome of this case. If the Claims Court erred in thinking that Verizon withheld taxes under chapter 24, the error is harmless. Mr. Boeri's claim

to a refund also fails if Verizon actually withheld taxes under chapter 3. The judgment of the Claims Court granting the government's motion to dismiss for failure to state a claim is affirmed.[3]

---

[3] Mr. Boeri's Certified Public Accountant, Harry A. Davis, to whom Mr. Boeri granted a power of attorney for dealing with the IRS, explained on the record what happened here. On March 6, 2009, Mr. Boeri retained Mr. Davis for assistance "after several discouraging years of believing there was nothing he could do" to recoup the money Verizon had withheld. Mr. Boeri's tax return seeking refund of $70,559 is dated March 10, 2009, and was received by the IRS on March 28, 2009. Accompanying the tax return was a March 26, 2009, letter from Mr. Davis to the IRS requesting a waiver of the three-year time limit for filing the return. Mr. Davis explained that Mr. Boeri had "begun efforts to recover the improperly withheld funds from his pension distribution, as early as September 15, 2004," by filing an ERISA claim, which was unsuccessful. As a foreign person unfamiliar with the "IRS tax filing system," Mr. Davis argued that Mr. Boeri should be relieved from the three-year time limit for filing his refund return. The request for a waiver was not granted, and Mr. Boeri's appeal here does not challenge the denial of the waiver request.

It is indeed unfortunate that Mr. Boeri, having long known that Verizon withheld a significant amount from his pension entitlement, did not turn to Mr. Davis sooner, as had some of his colleagues who met with success in Mr. Davis's hands. But the law is the law, and there can be no doubt that Mr. Boeri filed his refund request too late. So far as the record here shows, Verizon was wrong to withhold $70,559, and Mr. Boeri made a mistake by not pursuing the IRS sooner. But the IRS cannot be faulted for applying the look-back law correctly. Relief from the law by way of a waiver was sought but not obtained, presum-

**AFFIRMED**

Costs

No costs.

---

ably because the Supreme Court has held that the restrictions set forth in § 6511 for filing tax refund claims cannot be tolled for equitable reasons. *See United States v. Brockamp*, 519 U.S. 347, 348 (1997). "Tax law, after all, is not normally characterized by case-specific exceptions reflecting individualized equities." *Id.* at 352.

# United States Court of Appeals
# for the Federal Circuit

---

**MARIO BOERI,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5102

---

Appeal from the United States Court of Federal Claims in No. 11-CV-590, Judge Nancy B. Firestone.

---

NEWMAN, *Circuit Judge*, dissenting.

In the course of fulfilling the judicial obligation, there are occasions where a court can casually reach the unjust result, or can with a bit of thought reach the just result. "Literal interpretation of statutes at the expense of the reason of the law and producing absurd consequences or flagrant injustice has frequently been condemned." *Sorrells v. United States*, 287 U.S. 435, 446 (1932). Here, the court strains to reach the unjust result, through casual statutory interpretation that mocks the reason of the law. I respectfully dissent.

As certified by Verizon, Mario Boeri, a citizen of Italy, "never worked in the United States of America during any of his 36 years of service." He was employed by Verizon or its predecessor GTE in Italy, Brazil, Argentina, and the

Dominican Republic.  Mr. Boeri had no income or Medicare or Social Security tax obligation to the United States.  Yet Verizon withheld $70,559 of Mr. Boeri's separation payment on his retirement from employment in the Dominican Republic.  The withholding included United States income tax, Social Security tax, and Medicare tax; it is undisputed that Mr. Boeri was not liable for these taxes.  Verizon sent the total withheld amount to the IRS, identified as paid on behalf of Mr. Boeri.  Mr. Boeri had no Social Security number or other tax identification number.

On March 10, 2009 Mr. Boeri requested from the IRS a refund of this erroneous payment.  The request was made on IRS Form 1040NR, and was accompanied by IRS Form 4852 entitled "Substitute for Form W-2 . . . or Form 1099-R."  Mr. Boeri states that this form was used because he "was never issued a Year-End Statement with which to file a U.S. income tax return."

The record contains an official IRS transcript that shows a "refundable credit" to Mr. Boeri in the amount of $70,559, dated 04-15-2005.  No refund was made of this credit, and no notice was sent to Mr. Boeri of this credit.  On Mr. Boeri's refund request, the IRS refused to refund this "refundable credit" on the ground that it should have been requested within three years of April 15, 2005.  In denying Mr. Boeri's administrative appeal, the IRS Appeals Office stated, without further explanation, that "[b]ased on the information submitted, there is no basis to allow any part of your claim."  Letter from IRS Appeals Office to Mario Boeri (July 20, 2011).

Verizon wrongfully dispensed Mr. Boeri's money to the IRS.  The IRS wrongfully retained that money, without providing notification of the error as set forth in the agency's own regulations.  *See* IRS Pub. No. 1281, Backup Withholding for Missing and Incorrect Name/TIN(s) (2011):

> **Q.** How do I know if a TIN [taxpayer identification number] on my account is incorrect?
>
> **A.** After the submission of Form 1099 information returns, the IRS will send you a CP2100 or a CP2100A Notice and a listing of incorrect Name/TIN(s) reported on those forms.

Frequently Asked Questions, at 5. The law readily accommodates Mr. Boeri's request for return of the funds that the Internal Revenue Service had recorded as his money, although the IRS was remiss in failing to notify him of any error as explained in the above Frequently Asked Question.

As recognized by my colleagues, the three-year lookback provision is neither a "statutory time limitation," *United States v. Brockamp*, 519 U.S. 347, 348 (1997), nor a jurisdictional bar to recovery, *Murdock v. United States*, 103 Fed. Cl. 389, 392–94 (Fed. Cl. 2012). Mr. Boeri's money was sent to the IRS in error; notification should have been made and the funds returned, or at least some verification should have been sought. Instead, my colleagues hold that the IRS need not return Mr. Boeri's money, although all agree—including the IRS—that the IRS has no right to it.[1]

---

[1] The panel majority states at footnote 1 that in order to obtain a refund Mr. Boeri was required to file a return showing the tax overpayment. However, Mr. Boeri could not file a United States tax return for he was not subject to United States tax. He had no U.S. tax account, no tax identification number, no Social Security number or Medicare account. Instead of notifying Verizon or Mr. Boeri of the questions raised by this payment, the IRS remained silent and kept the money—which the IRS now refuses to return, although the government agrees that the IRS has no right to it.

In such circumstances, application of the look-back is not "the exertion of taxation, but a confiscation of property." *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 24–25 (1916) (the "seeming exercise of the taxing power" may be a "taking . . . in violation of the 5th Amendment" if sufficiently "arbitrary" or "so wanting in basis . . . as to produce such a gross and patent inequality"); *see Charles C. Steward Mach. Co. v. Davis*, 301 U.S. 548, 584–85 (1937) (arbitrary application of the tax statute, "if gross enough, is equivalent to confiscation and subject under the Fifth Amendment to challenge and annulment").  The Tucker Act's six-year limitations period, not the three-year look-back, is controlling.

Neither the government, nor the Court of Federal Claims, nor my colleagues, can provide legal authority for retention of the erroneous payment.  Maj. op. 4–6 (perhaps withholding was under chapter 24, or perhaps under chapter 3).  My colleagues cannot even determine when Mr. Boeri's taxes—which he did not owe—were supposedly "deemed paid."  *Id.* (perhaps April 15, perhaps June 15).  Mr. Boeri states that the entirety of the withholding was a mistake, not a "tax overpayment."  The government does not argue otherwise.  No matter; according to the panel majority, Mr. Boeri loses.

To justify this unjust result, the panel majority states that "Mr. Boeri was . . . required to file a 2004 tax return in order to claim a refund," citing 26 C.F.R. §1.6012-1(b)(2)(i).  Maj. op. 6.  This must be news to Mr. Boeri, since he had no U.S. tax liability, no tax identification number, no dealings with the IRS.  In all events, the provision cited by my colleagues applies to a "nonresident alien individual . . . who has income which is subject to taxation under subtitle A of the Code."  §1.6012-1(b)(1)(i).  Mr. Boeri had no income "subject to taxation" under any provision of the Code, and this assertion—which the government does not dispute—must be taken as true on a motion to dismiss.  Subsection (b)(2)(i)'s exception-to-the-

exception is irrelevant, and dismissal on the pleadings was incorrect.

"[W]here a particular construction of a statute will occasion great inconvenience or produce inequality and injustice, that view is to be avoided if another and more reasonable interpretation is present in the statute." *Knowlton v. Moore*, 178 U.S. 41, 77 (1900). A reasonable interpretation is that the look-back provision does not apply on these facts. The just action is to return the money that was mistakenly sent to the IRS in the name of a person with neither citizenship nor residency nor employment in the United States. The unreasonable and unjust action is to ratify the IRS's appropriation of the money that the IRS agrees was incorrectly sent to it.

My colleagues provide a footnote referring to Mr. Boeri's "unfortunate" circumstances, but argue that "the IRS cannot be faulted for applying the look-back law correctly," maj. op. 7, ignoring that the IRS did not apply the correct law. If the IRS had applied the law correctly, a notification of the erroneous payment would have been issued and the payment returned, and on this appeal the government would know which Code provision supposedly governed the erroneous payment, instead of leaving this court to guess, *see* maj. op. 4–6 (guessing). The panel majority's position that the IRS's confiscation of Mr. Boeri's money constitutes applying the law correctly is as insupportable as it is unconscionable.

From my colleagues' choice of the unreasonable and unjust result, I respectfully dissent.