NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JUAN M. SAHAGUN-PELAYO, (ON BEHALF OF HIMSELF); JUAN M. SAHAGUN-PELAYO (ON BEHALF OF THE DECEASED AND THEIR ESTATE, MEXICO),**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2014-5126

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00929-LJB, Judge Lynn J. Bush.

---

Decided: March 9, 2015

---

JUAN M. SAHAGUN-PELAYO, Oakdale, LA, pro se.

P. DAVIS OLIVER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before PROST, *Chief Judge,* MAYER, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Appellant Juan M. Sahagun-Pelayo ("Sahagun-Pelayo") appeals pro se from a final decision of the United States Court of Federal Claims granting the government's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *Sahagun-Pelayo v. United States*, No. 13-929 C, 2014 WL 3643471 (Fed. Cl. July 22, 2014). Specifically, the court found that: (1) it lacked jurisdiction over Sahagun-Pelayo's tort claim; and (2) Sahagun-Pelayo failed to state a claim for breach of contract. On appeal, Sahagun-Pelayo challenges only the court's decision to dismiss his contract claim under Rule 12(b)(6). For the reasons explained below, we *affirm*.

## I.   BACKGROUND

The following facts are derived from Sahagun-Pelayo's pleadings before the Court of Federal Claims. Sahagun-Pelayo is Mexican citizen who is incarcerated in federal prison. In November 2013, Sahagun-Pelayo filed suit against the government "on behalf of himself, and on behalf of the to be named decedents and their estate in Mexico," alleging that he provided confidential informant services to several federal agencies investigating drug and gun trafficking, including the Federal Bureau of Investigation ("FBI"), the Bureau of Alcohol, Firearms and Tobacco ("ATF"), the Drug Enforcement Agency ("DEA"), and the United States Immigration and Customs Enforcement ("ICE"). Compl., *Sahagun-Pelayo v. United States*, No. 13-929C (Fed. Cl. Nov. 22, 2013), ECF No. 1.

Sahagun-Pelayo's complaint presents two claims: (1) a tort claim, citing the Federal Tort Claims Act ("FTCA");

and (2) a breach of contract claim.[1]  Specifically, Sahagun-Pelayo alleges that he had a verbal contract with the government in connection with an operation entitled "Fast and Furious."  Pursuant to this alleged agreement, Sahagun-Pelayo provided information to help secure the arrest of Mexican drug cartel members.  Sahagun-Pelayo alleges that he provided confidential information to an ICE agent (Jesus Loscano), a DEA operative (Carmen), an FBI employee (Mike Kosinsky), and "Jhon an[d] other[s]" from ATF. *Sahagun-Pelayo*, 2014 WL 3643471, at *3.  He contends that, in exchange for this information, the government agreed to pay him for his services and protect his family.  According to Sahagun-Pelayo, he is owed $84,717,000. *Id.* at *1.

The government filed a motion to dismiss, arguing that: (1) the Court of Federal Claims does not possess jurisdiction to consider his FTCA claim; and (2) Sahagun-Pelayo failed to allege the requisite elements of a breach of contract claim.  As to its second point, although Sahagun-Pelayo identified three government agents with whom he had contact generally, the government argued that he failed to state a claim for breach of contract under Rule 12(b)(6) because he failed to allege that any of those

---

[1]  As the Court of Federal Claims noted, Sahagun-Pelayo previously presented similar claims in the United States District Court for the District of Columbia. *Pelayo v. United States*, No. 11-1430, 2011 WL 3797742, at *1 (D.D.C. Aug. 26, 2011).  There, the court: (1) dismissed the tort claim for failure to exhaust administrative remedies; and (2) found that it was "without authority" to resolve the breach of contract claim, which sought compensatory damages of $1,500,000, because it exceeded the court's jurisdictional limit for contract claims against the government. *Pelayo v. United States*, No. 11-1430, 2011 WL 5244363, at *1 (D.D.C. Oct. 31, 2011).

individuals possessed actual authority to bind the United States in contract.

In response, Sahagun-Pelayo alleged, for the first time, that he "met with representatives of the United States Government from Washington, D.C. in El Paso, Texas, who he believed had the authority to make him the offers and security arrangements which are . . . the primary basis for this complaint in the Court." Plaintiff's Intermediate Response, *Sahagun-Pelayo v. United States*, No. 13-929C (Fed. Cl. Apr. 7, 2014), ECF No. 18 at 2. He also asserted that, "[w]hen the United States representative from Washington who was at the meeting told Plaintiff that he was the final word and authority in this matter, it was the Plaintiff's understanding that he did not need or require an Act of Congress to make this contractual agreement binding on the United States." *Id.* at 3.

The Court of Federal Claims granted the government's motion to dismiss in full. First, the court dismissed Sahagun-Pelayo's FTCA claim on grounds that its jurisdiction does not extend to tort claims. Sahagun-Pelayo does not challenge this conclusion on appeal. As to the contract claim, the court found that "the complaint, as supplemented by plaintiff's response brief, does not provide sufficient facts to plausibly suggest that any government employee had implied or express authority to enter into a contract with Mr. Sahagun-Pelayo that would possibly entitle him to the relief he seeks in the complaint." *Sahagun-Pelayo*, 2014 WL 3643471, at *5.[2]

---

[2]    Although the government argued that the court should "consider only the complaint when analyzing plaintiff's claims" in connection with the motion to dismiss, the Court of Federal Claims "also considered plaintiff's response brief as an informal clarification of the

Accordingly, the court dismissed Sahagun-Pelayo's contract claim pursuant to RCFC 12(b)(6).

Sahagun-Pelayo timely appealed to this court.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II. DISCUSSION

Whether the Court of Federal Claims properly dismissed a complaint for failure to state a claim upon which relief may be granted is an issue of law subject to de novo review.  *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).  We must "accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff."  *Id.*  To avoid dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief."  *Acceptance Ins. Co. v. United States*, 583 F.3d 849, 853 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

The facts as alleged "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face."  *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although pro se pleadings are liberally construed, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005),

---

statement of the claims presented in the complaint." *Sahagun-Pelayo*, 2014 WL 3643471, at *1 n.4.

"a pro se plaintiff still must establish the requisite elements of his claim," *Humphrey v. United States*, 52 Fed. Cl. 593, 595 (2002) (citing, *e.g.*, *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001)).

On appeal, Sahagun-Pelayo challenges only the dismissal of his contract claim.[3]  Although he mentions due process of law and deprivation of legal rights, Sahagun-Pelayo does not explain these references, and does not make any specific allegations.  Nor does he argue that the Court of Federal Claims applied the wrong law.  In his Informal Reply Brief, moreover, Sahagun-Pelayo argues that the Court of Federal Claims erred in dismissing his complaint because the government is in "[c]ontractual [d]efault."  Informal Reply 2.

The government responds that the Court of Federal Claims correctly dismissed Sahagun-Pelayo's complaint for failure to allege facts plausibly suggesting breach of an implied-in-fact contract.  To establish a valid contract with the government, whether express or implied, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) an unambiguous offer and acceptance; and (4) actual authority on the part of the government's representative to bind the government in contract.  *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012).  The government focused its motion to dismiss on the final element, arguing that Sahagun-Pelayo's complaint failed to allege that a government representative had the requisite actual authority to enter into a contract with him.

---

[3]    Sahagun-Pelayo also asks this court to grant his motion for production of documents.  A prior panel of this court denied the motion on grounds that there is no right to discovery on appeal.  *Sahagun-Pelayo v. United States*, No. 2014-5126 (Fed. Cir. Dec. 15, 2014), ECF No. 16.

It is well established that a government official's authority to bind the United States in contract can be express or implied. *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989). "Authority to bind the government is generally implied when such authority is considered to be an integral part of the duties assigned to a government employee." *Id.* (internal quotation and citation omitted). Accordingly, we have recognized that "[a]nyone entering into an agreement with the Government takes the risk of accurately ascertaining the authority of the agents who purport to act for the Government, and this risk remains with the contractor even when the Government agents themselves may have been unaware of the limitations on their authority." *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997).

Although Sahagun-Pelayo's complaint contains vague allegations that he had a verbal agreement with the government, "[n]owhere in the complaint, or in plaintiff's response brief, is a specific individual identified as having represented the United States in negotiating the alleged confidential informant contract with Mr. Sahagun-Pelayo. Nor is the specific agency that was to provide payment and other services to plaintiff identified." *Sahagun-Pelayo*, 2014 WL 3643471, at *3. As noted, in response to the government's motion to dismiss, Sahagun-Pelayo added a new allegation that he met with government representatives from Washington, DC, who he believed had the authority to enter into a contractual agreement with him. Sahagun-Pelayo did not identify these individuals by name or by the government agency they represented. Given these circumstances, the Court of Federal Claims found "no plausible allegation in the complaint or in plaintiff's response brief that anyone who spoke with Mr. Sahagun-Pelayo had express or implied actual authority to enter into a contract whereby plaintiff is now

owed $84,717,000." *Id.* at \*6. For the reasons explained
below, we agree.

First, to the extent Sahagun-Pelayo *believed* that an
unidentified government official or officials from Wash-
ington, DC possessed the authority to enter into a con-
tract with him, that subjective belief is insufficient
because *actual* authority—not just *apparent* authority—is
required to contract. *See Winter v. Cath-dr/Balti Joint
Venture*, 497 F.3d 1339, 1344 (Fed. Cir. 2007) ("Where a
party contracts with the government, apparent authority
of the government's agent . . . is not sufficient; an agent
must have actual authority to bind the government.").
Sahagun-Pelayo has not alleged facts that plausibly
suggest that any of the federal agents with whom he
allegedly had contact had express or implied actual au-
thority. Nor is there any indication that entering into
agreements is an "integral part of the duties assigned" to
any of those individuals. *See H. Landau & Co.*, 886 F.2d
at 324 (implied actual authority exists when the neces-
sary authority is considered to be an "integral part of the
duties assigned" to the particular government employee).
In any event, as the Court of Federal Claims found, none
of the individuals Sahagun-Pelayo mentions possessed the
authority to enter into a contract requiring payment of
$84,717,000. *Sahagun-Pelayo*, 2014 WL 3643471, at \*6
("The type of authority is beyond the authority of the
specific individuals identified in the complaint.").

Second, even if Sahagun-Pelayo's response to the gov-
ernment's motion to dismiss could be construed to include
a statement alleging actual authority, "such a bare state-
ment would be a mere legal conclusion which would not
be entitled to the favorable inferences of a factual allega-
tion." *Id.* at \*5. Finally, we agree with the Court of
Federal Claims that Sahagun-Pelayo's vague reference to
an individual or individuals from Washington, DC is "not
specific enough to survive a challenge to the sufficiency of
the complaint." *Id.* at \*6.

Sahagun-Pelayo contends that the Court of Federal Claims failed to consider the names of certain federal agencies and federal agents he identified in his complaint or in attachments thereto. To the contrary, the court described the allegations in Sahagun-Pelayo's complaint, including the names of the federal agents with whom he allegedly had contact, and their respective agencies. The court found, however, that Sahagun-Pelayo "failed to allege facts as to the specific agent of the government who contracted with him, or as to the specific agency of the government that contracted with him." *Sahagun-Pelayo*, 2014 WL 3643471, at *5. The court further found that Sahagun-Pelayo's "vague and inconsistent description of conversations he had with various federal agents lacks the [requisite] specificity." *Id.* Given these deficiencies—coupled with Sahagun-Pelayo's failure to allege that any government employee had express or implied actual authority to enter into a contract with him—we agree with the Court of Federal Claims that Sahagun-Pelayo failed to state a claim for breach of an implied-in-fact contract.

## III. CONCLUSION

For the foregoing reasons, and because we find that Sahagun-Pelayo's remaining arguments are without merit, we affirm the Court of Federal Claim's final decision dismissing his breach of contract claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

**AFFIRMED**