NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MELVIN EUGENE GIBBS,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3122

---

Petition for review of the Merit Systems Protection Board in No. DC-1221-14-0841-W-1.

---

Decided: August 31, 2015

---

MELVIN EUGENE GIBBS, Florence, SC, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

PER CURIAM.

Melvin Eugene Gibbs appeals from the final order of the Merit Systems Protection Board (Board) dismissing his whistleblower appeal under the doctrine of laches. Because the allegations before the Board support dismissal for failure to state a claim upon which relief can be granted, we affirm.

## BACKGROUND

Mr. Gibbs claims to be entitled to relief based on a series of events dating back to March of 1987, when he was an employee of a government agency[1] under the Department of Defense. His allegations are as follows: As part of a dispute about reimbursement of his travel expenses, he discovered that his superior, a colonel, was misusing funds. He reported this misuse. Shortly thereafter, he was reassigned to a position that would have placed him on a "fast track" from the GS-11 to the GS-12 pay grade. The colonel, angry that Mr. Gibbs reported the misuse of funds, retaliated by removing him from this desirable position. Shortly after these events, a psychiatrist diagnosed Mr. Gibbs with a mental illness. On this psychiatrist's recommendation, he was placed on permanent-disability leave. The psychiatrist also recommended that Mr. Gibbs not pursue legal action against his employer.

On February 12, 2014—nearly 27 years after the alleged retaliation—Mr. Gibbs filed a complaint under the Whistleblower Protection Act with the Office of Special Counsel. What remedy Mr. Gibbs sought is unclear from the record before us, but he appears to have alleged that but for the retaliatory action, he would have been promoted from the GS-11 to the GS-12 pay grade on a "fast track." He presumably takes the position that this pro-

---

[1] Mr. Gibbs does not identify the agency that employed him.

motion would have entitled him to an increase in the leave pay that he claims to have received. After investigating his allegations, the Office of Special Counsel closed his file on April 17, 2014, and Mr. Gibbs timely appealed this determination to the Board. On a motion by the Department of Defense, the administrative judge issued an initial decision dismissing the appeal pursuant to the doctrine of laches. The Board affirmed this decision and made it final.

Mr. Gibbs appeals the Board's final decision, attacking its conclusion that his delay was not excused.

## DISCUSSION

We have jurisdiction over this appeal under 5 U.S.C. §§ 1221(h) and 7703(b)(1), and 28 U.S.C. § 1295(a)(9). We affirm the Board's decision unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

In order to prevail on its defense of laches, the government must show "(1) unreasonable and unexcused delay in bringing the claim, and (2) material prejudice to the defendant as a result of the delay." *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys.*, 988 F.2d 1157, 1161 (1993) (citing *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc)). We review the Board's dismissal de novo. *See Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).

The Board did not err in its determination that laches bars Mr. Gibbs' action. Mr. Gibbs concedes that he delayed filing by 27 years. He also does not dispute the government's claims that this 27-year delay materially prejudiced its ability to defend against his allegations.

His sole argument that laches does not apply is that this significant period of delay was reasonable or excused because of his mental illness and because his psychiatrist advised him against filing. Even assuming—as we must on a motion to dismiss—that Mr. Gibbs will be able to substantiate these claims, they cannot excuse a 27-year delay.

We have considered Mr. Gibbs' remaining arguments and do not find them persuasive.[2]

### AFFIRMED

No costs.

---

[2] Mr. Gibbs also seeks an order of summary judgment in his favor. That request, which the Board did not consider, is not properly before us.